1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8
     Harley Keith Hawpe,                    )    No. MC-10-8004-PCT-FJM
9                                           )
                 Plaintiff,                 )    **ORDER**
10                                          )
     vs.                                    )
11                                          )
                                            )
12   United States of America, Internal     )
     Revenue Service, Crystal Gilmore,      )
13                                          )
                 Defendants.                )
14   _____ )

15

16          The court has before it plaintiff's petition to quash Internal Revenue Service ("IRS")

17   summons (doc. 1), defendant United States' motion to dismiss (doc. 4), plaintiff's response

     (doc. 5), the United States' reply (doc. 6), and plaintiff's response to the United States' reply,
18
     which is not authorized by the Federal Rules of Civil Procedure (doc. 7).[1]  We also have
19
     before us plaintiff's "motion for order to personally serve employee/defendant Crystal
20
     Gilmore" (doc. 8), the United States' motion to strike (doc. 9), and plaintiff's response (doc.
21
     11).
22
            As part of an investigation into plaintiff's federal income tax liability for tax years
23

24   _____

25          [1]The petition to quash also names the IRS and IRS Agent Crystal Gilmore as
     respondents.  It is well settled that the IRS is not an entity subject to suit and the United
26   States is properly substituted in its place.  Blackmar v. Guerre, 342 U.S. 512, 515, 72 S. Ct.
     410, 412 (1952).  The claim against Agent Gilmore is also properly deemed an action against
27   the United States as it implicates only Gilmore's official duties.  See Gilbert v. DaGrossa,
     756 F.2d 1455, 1460 (9th Cir. 1985).  Therefore, the United States is the only proper
28   defendant.

1    2004 through 2009, the IRS issued a summons to Bank of America, a third-party
2    recordkeeper, requiring it to produce records relating to plaintiff.  Plaintiff then filed this
3    petition to quash the summons.

4        The IRS has broad authority under 26 U.S.C. § 7602(a) to issue summonses in
5    furtherance of its investigations of violations of the internal revenue laws.  Tornay v. United
6    States, 840 F.2d 1424, 1431 (9th Cir. 1988).  This authority extends to summonses to third
7    parties provided that the IRS gives notice of the summons to the person under investigation.
8    26 U.S.C. § 7609(a).  Notice is sufficient under the statute if it is "mailed by certified or
9    registered mail to the last known address of such person."  Id. § 7609(a)(2).  A taxpayer's last
10   known address under § 7609 is that which is on "his most recent return unless the taxpayer
11   communicates to the IRS 'clear and concise' notice of change of address."  Williams v.
12   Comm'r Internal Revenue, 935 F.2d 1066, 1067-68 (9th Cir. 1991).  The taxpayer may file
13   a "proceeding to quash" the summons within twenty days "after the day such notice is
14   given."  26 U.S.C. § 7609(b)(2)(A).  Notice is deemed given on the date it is mailed.
15   Stringer v. United States, 776 F.2d 274, 275 (11th Cir. 1985).  The twenty-day filing
16   requirement is "a condition precedent to the waiver of sovereign immunity," which "must be
17   strictly construed."  Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir. 1985).

18       When a taxpayer moves to quash a third-party summons, the government can move
19   to enforce compliance with the summons.  26 U.S.C. § 7609(b)(2)(A).  To enforce a
20   summons, the government must establish a prima facie case of good faith by showing (1) that
21   the investigation is conducted for a legitimate purpose; (2) that the material sought is relevant
22   to that purpose; (3) that the IRS is not already in possession of the material sought; and (4)
23   that the IRS has complied with the applicable administrative requirements.  United States v.
24   Powell, 379 U.S. 48, 57-58, 85 S. Ct. 248, 255 (1964).  Alternatively, as in the case before
25   us, the government can move to dismiss the petition to quash pursuant to Rule 12(b), Fed.
26   R. Civ. P., placing the burden on the petitioner to establish a valid defense to the summons.
27   Wilde v. United States, 385 F. Supp. 2d 966, 968 (D. Ariz. 2005).

28

1
2
3
4
5
6
7
8

Plaintiff argues in his petition to quash that he did not receive the IRS' notice of summons and therefore the government failed to comply with § 7609(a).  According to the declaration of IRS Agent Gilmore, however, as well as certified mail receipts, the notice of the summons was sent by certified mail to plaintiff's last known address on October 14, 2010.  Declaration ¶¶ 12-13.  The declaration also confirms that the notice was returned to Agent Gilmore as undeliverable on November 8, 2010.  Id. ¶ 15.  Nevertheless, plaintiff received actual notice of the summons in a letter from Bank of America dated October 27, 2010.  Petition to Quash ¶¶ 9-11.

9
10
11
12
13
14

The IRS satisfied its obligation under § 7609(a) by sending notice of the summons by certified mail to plaintiff's last known address.  The notice was deemed given on October 14, 2010, the date it was mailed.  Therefore, pursuant to § 7609(b)(2)(A), plaintiff had twenty days, or until November 3, 2010, to challenge the summons.  He did not file his petition to quash until December 10, 2010, well outside the twenty-day deadline.[2]  We therefore grant the United States' motion to dismiss on this basis.

15
16
17
18
19
20
21
22
23

Even if plaintiff had complied with the twenty-day deadline or established that he is entitled to equitable tolling, we would nevertheless enforce the summons because the government has established its prima facie case of good faith under Powell, 379 U.S. at 57-58, 85 S. Ct. at 255.  The government's burden to establish a prima facie case of good faith is a "slight one" that is typically made through the introduction of the sworn declaration of the revenue agent who issued the summons.  Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995).  Once a prima facie case is made, a "heavy burden" is placed on the taxpayer to show an abuse of process or lack of institutional good faith.  Id.

24
25
26

Here, Revenue Agent Gilmore declared that plaintiff has not filed tax returns for tax years 2004 through 2009 and that she was assigned to examine his tax liability for those

27
28

[2]We note that plaintiff filed an identical petition to quash on November 10, 2010.  Hawpe v. United States, 10-MC-8003-GMS (D. Ariz. Nov. 10, 2010).  That petition was also untimely.

years. <u>Declaration</u> ¶ 3.  The summons issued to Bank of America requested the production of records for the period December 31, 2004, through December 31, 2009, documents that are necessary to reconstruct plaintiff's income for 2004 through 2009.  <u>Id.</u> ¶ 9.  These documents are therefore relevant to the government's legitimate purpose.  Agent Gilmore further declared that the IRS does not possess any of the information or documents that are currently sought.  <u>Id.</u> ¶ 10.  Finally, Agent Gilmore declared that she complied with all administrative requirements by sending prior notice to plaintiff's last known address that the IRS would be contacting third parties regarding his tax liability, and by sending copies of the summons by certified mail to plaintiff as required by § 7609(a).  The United States has thus established its prima facie case of good faith under <u>Powell</u>.

The burden then shifts to plaintiff to establish an "abuse of process" or "lack of institutional good faith."  <u>Fortney</u>, 59 F.3d at 120.  Plaintiff has failed to set forth any facts or evidence to make this showing.  His argument that abuse of power or lack of good faith is established by the government's failure to establish the "reason" for the investigation is without merit.  Agent Gilmore's declaration states that plaintiff has not filed tax returns for tax years 2004 through 2009.  The Secretary of the Treasury is specifically authorized to issue summonses for the purpose of determining the correct tax liability of any taxpayer.  26 U.S.C. § 7602(a).

Accordingly, **IT IS ORDERED GRANTING** the United States' motion to dismiss the petition to quash (doc. 4), **DENYING** plaintiff's petition to quash the summons (doc. 1), and ordering that the third-party summons be enforced.

**IT IS FURTHER ORDERED DENYING** plaintiff's "motion for order to personally serve employee/defendant Crystal Gilmore" as moot (doc. 8), and **GRANTING** the United States' motion to strike plaintiff's unauthorized response (doc. 9).

DATED this 4th day of March, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 4 -